IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven Hewitt, ) | C/A No. 0:12-2230-MGL-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Sherisse D. Birch, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Steven Hewitt ("Hewitt"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion for summary judgment. (ECF No. 29.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Hewitt was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 30.) In response, Hewitt filed a document entitled "Motion for Court to Deny Defendant's Motion for Summary Judgement" (ECF No. 34), to which the defendant filed a response (ECF No. 43). Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendant's motion should be granted.

**BACKGROUND**

Hewitt is incarcerated at Lieber Correctional Institutition ("Lieber") in Ridgeville, South Carolina. Hewitt alleges that while he has regular access to doctors and nurses for his physical medical needs, he only receives medical attention for his mental disorders once every three or four months, and never when he has a crisis. Hewitt was assigned to Defendant Sherisse Birch's caseload

on July 26, 2010. Hewitt alleges that he has only seen Birch—the human services coordinator at Lieber and Hewitt's mental health counselor—around ten times over the past two years, and that all of his sessions with Birch were conducted through his cell door, where other inmates could listen, making the sessions "useless." Hewitt claims that he has written Birch several requests and has yet to receive any responses, and has asked to be transferred to other counselors. Hewitt claims to have filed grievances on June 11, 2011 and October 22, 2011. (See generally Am. Compl., ECF No. 15.)

## DISCUSSION

### A.     Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.



The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Exhaustion of Administrative Remedies**

As an initial matter, the defendants argue that summary judgment should be granted in their favor due to Hewitt's failure to exhaust his administrative remedies before filing the instant lawsuit. A prisoner must exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion is required even when a prisoner seeks remedies, such as money damages, that are not available in the administrative proceedings. See Booth v. Churner, 532 U.S. 731, 740-41 (2001).



To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. See generally id. Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739). Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). The defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

Pursuant to South Carolina Department of Corrections policy, an inmate seeking to complain of prison conditions must first attempt to informally resolve his complaint. Next, an inmate may file a "Step 1 Grievance" with designated prison staff. If the Step 1 Grievance is denied, the inmate may appeal to the warden of his facility via a "Step 2 Grievance." Moreover, review from the South Carolina Administrative Law Court ("ALC") is generally part of the available administrative remedies an inmate must exhaust. See Furtick v. S.C. Dep't of Corr., 649 S.E.2d 35, 38 (S.C. 2007) (reaffirming that "the ALC has jurisdiction over all inmate grievance appeals that have been properly filed") (citing Slezak v. S.C. Dep't of Corr., 605 S.E.2d 506 (S.C. 2004)); but see Howard v. S.C. Dep't of Corr., 733 S.E.2d 211, 215-18 (S.C. 2012); (interpreting a post-Furtick statutory amendment to S.C. Code Ann. § 1-23-600(D) and holding that the ALC lacked jurisdiction over an inmate's appeal involving the loss of the opportunity to earn sentence-related credits and no state-created property or liberty interest); Travelscape, LLC v. S.C. Dep't of Rev., 705 S.E.2d 28,

PJG

38-39 & n.10 (S.C. 2011) (stating that the ALC is without jurisdiction to hear facial challenges to the constitutionality of a regulation or statute but may rule on as-applied challenges); Howard, 399 733 S.E.2d at 218 (applying the holding in Travelscape, LLC to challenges to prison policies).

Although Hewitt alleges in his Amended Complaint that he filed grievances on June 11, 2011 and October 22, 2011, the defendant contends that Hewitt never filed any grievances on the dates Hewitt has named, and has supported her position with an affidavit by the Branch Chief of the Inmate Grievance Branch. (ECF No. 29-3 at 2.) There is also no evidence of any grievances or appeals related to the issues in this lawsuit. In response, Hewitt merely claims that he is in lock down, so he is unable to obtain or submit any affidavits of his own. Even crediting Hewitt's assertion that he filed Step 1 grievances, however, this alone is insufficient to refute the defendant's showing that Hewitt failed to fully and properly exhaust his administrative remedies before filing this matter. See, e.g., Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (collecting cases and recognizing "the holdings of many of our sister circuits that permitting exhaustion pendente lite undermines the objectives of section 1997e(a) and that the language of section 1997e(a) clearly contemplates exhaustion prior to the commencement of the action as an indispensable requirement, thus requiring an outright dismissal of such actions rather than issuing continuances so that exhaustion may occur"). Accordingly, the defendant is entitled to summary judgment on this claim based on Hewitt's failure to exhaust properly his available administrative remedies pursuant to 42 U.S.C. § 1997e(a). Moreover, even if the court were to determine that Hewitt had properly exhausted this claim, the defendant would nonetheless be entitled to summary judgment for the reasons discussed below.

PJG

C.   Hewitt's Claims

To establish a claim under the Eighth Amendment for deliberate indifference to medical needs, an inmate must establish two requirements: (1) a sufficiently serious deprivation occurred, resulting "in the denial of the minimal civilized measure of life's necessities," and (2) the prison official had a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To satisfy the second prong, an inmate must show that the prison official's state of mind was "deliberate indifference" to the inmate's health and safety. Id.  A prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk. Id. at 847; Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004).  To be liable under this standard, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Furthermore, not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 105.  To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).  Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. See Estelle, 429 U.S. at 106.  While the Constitution requires a prison to provide inmates with medical care, it does not demand that a prisoner receive the treatment of his choice. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988).  "[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." Nelson v. Shuffman, 603 F.3d 439, 449 (8th



Cir. 2010) (internal quotation marks and citation omitted) (alterations in original); see also Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); see also O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ("Lay people are not qualified to determine . . . medical fitness, whether physical or mental; that is what independent medical experts are for."); Dulany v. Carnahan, 132 F.3d 1234, 1240 (8th Cir. 1997) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment."); Fleming v. Lefevere, 423 F. Supp. 2d 1064, 1070 (C.D. Cal. 2006) ("Plaintiff's own opinion as to the appropriate course of care does not create a triable issue of fact because he has not shown that he has any medical training or expertise upon which to base such an opinion.").

Hewitt has failed to provide any evidence from which a reasonable jury could find deliberate indifference to his medical needs. Hewitt's Amended Complaint appears to allege that, despite his repeated attempts to inform the defendant of his need for therapeutic treatment, the defendant refused or failed to provide proper care and was deliberately indifferent to his medical needs. In support of her motion for summary judgment, the defendant has provided Hewitt's medical records which show that Birch saw Hewitt regularly for his mental conditions. (See generally Medical Records, ECF No. 29-2 at 8-29.) The defendant has also submitted her own affidavit describing her sessions with Hewitt and the judgments she made regarding his symptoms and concerns. (Birch Aff., ECF No. 29-2.) Thus, Hewitt's claim of deliberate indifference to a serious medical need fails because the record unequivocally shows that Hewitt was regularly seen by Birch with regard to his mental conditions.

As stated above, Hewitt does not have a claim against Birch merely because he disagrees with the course of treatment he received. See Jackson, 846 F.2d at 817; Nelson, 603 F.3d at 449; see also O'Connor, 426 F.3d at 202; Dulany, 132 F.3d at 1240; Fleming, 423 F. Supp. 2d at 1070. At most, Hewitt's claims allege negligence or medical malpractice, which are not actionable in a constitutional claim. See Daniels v. Williams, 474 U.S. 327, 328-36 & n.3 (1986); Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) ("The district court properly held that Daniels bars an action under § 1983 for negligent conduct."); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987); see also Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Moreover, to the extent that Hewitt is suing Birch in her official capacity for monetary relief, she is entitled to summary judgment. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."); Quern v. Jordan, 440 U.S. 332, 343 (1979) (recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in 42 U.S.C. § 1983 for civil rights violations). As an arm of the state, the defendant is entitled to sovereign immunity and cannot constitute a "person"

under § 1983 in that capacity. See Will, 491 U.S. at 70-71. Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e).

Further, to the extent that Hewitt is seeking to raise state law claims of medical negligence or malpractice, South Carolina law requires a plaintiff to file an affidavit of an expert witness with his complaint when asserting a claim of professional negligence against a professional licensed or registered with the State of South Carolina. S.C. Code Ann. § 15-36-100(B); Martasin v. Hilton Head Health Sys. L.P., 613 S.E.2d 795, 799 (S.C. Ct. App. 2005); Jernigan v. King, 440 S.E.2d 379, 381 (S.C. Ct. App. 1993). It is undisputed that Hewitt has failed to file an expert affidavit with his Complaint, and therefore he cannot proceed with a state law claim of negligence or medical malpractice against the defendant.

## RECOMMENDATION

Accordingly, the court recommends that the defendant's motion for summary judgment (ECF No. 29) be granted and Hewitt's motion (ECF No. 34) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 17, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).